# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                                                          ) | |
|               Plaintiff,    ) | |
|                                                          ) | |
| -vs-                                             ) | Case No. CR-20-321-2-F |
|                                                          ) | |
| JUANITA VIRIDIANA GARCIA    ) | |
| RODRIGUEZ,                            ) | |
|                                                          ) | |
|               Defendant. | |

## ORDER RE: MOTION FOR SEVERANCE

Before the court is the defendant's Alternative Motion for Severance (doc. no. 29), filed on November 29, 2021.

The moving defendant, at this point, is the defendant Juanita Viridiana Garcia Rodriguez. The court anticipates the possibility of a separate motion to sever on behalf of the other defendant, Tony Garcia. As the court noted at its recent docket call, the case for severance with respect to Mr. Garcia may stand on a different footing from the case for severance with respect to Ms. Garcia. This order addresses only Ms. Garcia's motion to sever.

The indictment in this case was returned on December 2, 2020. The indictment charges five counts of criminal activity. Count 1 is a drug conspiracy count, under 21 U.S.C. § 841(b), charging both defendants with conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine. Count 2 charges both defendants with possession of methamphetamine with intent to distribute. Count 3 charges both defendants with possession of a firearm in furtherance of a drug trafficking crime. Count 4 charges

the defendant Tony Garcia, only, with being a felon in possession of a firearm. Count 5 charges Ms. Garcia, only, with being a drug user in possession of a firearm. Obviously, the flagship count in this indictment is the drug conspiracy count, Count 1.

In her motion, Ms. Garcia asserts, among other things, that she is far less culpable than Mr. Garcia and that evidence probative of Mr. Garcia's guilt will "spillover" to Ms. Garcia. Motion, doc. no. 29, at 9. Ms. Garcia also asserts, in substance, that she may be prejudiced by introduction of evidence of a "larger conspiracy charged in the Northern District against Tony Garcia." Motion, at 10. She also suggests, without elaboration, that there is a potential for antagonistic defenses. Motion, at 10.

Valuable guidance with respect to consideration of motions for severance is to be found in United States v. Pursley, 577 F.3d 1204 (10th Cir. 2009). Pursley was a conspiracy case (among other charges). On pages 1215 and 1216, the Court of Appeals provided the following guidance: Rule 8(b) of the Federal Rules of Criminal Procedure permits an indictment to charge two or more defendants if they "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." This rule expresses the preference in the federal system for joint trials of defendants who are indicted together.

However, under Rule 14(a), a court may sever the trials of more than one defendant if joinder appears to prejudice a defendant or the government. That said, it is clear that there is a presumption in a conspiracy case that co-conspirators charged together should be tried together. Consequently, the defendant seeking severance bears a heavy burden of showing real prejudice. Prejudice occurs when there is a serious risk that a joint trial will compromise a specific trial right of one of

the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

The court, in Pursley, went on to discuss factors to consider where there is a possibility that a co-defendant may testify. Those are commonly called the McConnell factors. *See* United States v. McConnell, 749 F.2d 1441, 1445 (10th Cir. 1984). The McConnell factors are directed to situations in which the defendant seeking severance is concerned about the possibility that, at a severed trial, the co-defendant might take the stand and provide exculpatory testimony. There is no indication in the motion now before the court that there is any likelihood that the defendant Tony Garcia would take the stand at the severed trial of Ms. Garcia. Consequently, the McConnell factors are not relevant to the present motion.

The main considerations bearing on the court's determination of the present motion are the possibility of "spillover," the possibility of evidence with respect to the larger conspiracy charged in the Northern District of Oklahoma against Tony Garcia, and the possibility of antagonistic defenses. Based on the motion itself, as well as the court's colloquy with counsel at the docket call, the court is satisfied that concerns with respect to spillover and with respect to the effect of evidence relating to the conspiracy charged in the Northern District case can be very adequately addressed by way of evidentiary rulings and limiting instructions. In this respect, counsel should bear in mind that limiting instructions may be appropriate and effective both as the trial progresses and in the court's final instructions. On the issue of antagonistic defenses, the absence of any developed argument in the motion leaves the court without a basis for concluding that there is a significant possibility that she would be prejudiced by antagonistic defenses.

As stated above, the presumption is in favor of joint trials for co-conspirators who are charged together. The defendant seeking a severance bears a heavy burden of showing real prejudice. Defendant has not carried that burden.

Accordingly, the Alternative Motion for Severance (doc. no. 29) is **DENIED**.

DATED this 3rd day of December, 2021.

*/s/ Stephen P. Friot*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0321p006 (Garcia Rodriguez).docx